## No. 135.
### WM. DAVIS ET AL. VS. JOHN MONTGOMERY ET AL.

When a citizen of Louisiana brings a petitory action against a citizen of Georgia, the latter of whom calls in warranty a citizen of Louisiana, there arise in the case two distinct controversies, one between plaintiff and defendant who are citizens of different States, and the other between defendant and warrantor who are also citizens of different States.

The fact that plaintiff and warrantor are citizens of the same State cannot prevent defendant from removing the cause to a Federal court.

Where at the first term of court after the suit, defendant in his answer files a demand in warranty, the warrantor is entitled to citation and the usual delay for answering, and the cause cannot be tried until after the expiration of that delay.   If it does not expire till after the passage of that term, the following term is the first at which the cause could have been tried, and an application for removal made at that term is timely under the provisions of the act of Congress of March 3d, 1875.

APPEAL from the First District Court, Parish of Caddo.   *Taylor*, J.

*J. B. Slattery* and *Alexander & Blanchard* for Plaintiffs and Appellants.

*Wise & Herndon* for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J.   The suit is a petitory action brought by plaintiffs, residents of this State, against Montgomery, a citizen of Georgia, and his tenants, who are mere nominal parties and need not be further considered, to recover the undivided half of certain immovable property, alleged to belong to plaintiffs but to be in the illegal possession of Montgomery under a title alleged to be void.

The suit went to issue at the March term of the court, when defendant filed his answer denying the alleged title of plaintiffs, asserting the validity of his own title, and at the same time made a demand in warranty calling in A. H. Leonard, a resident of the city of New Orleans, as the author and warrantor of his title, praying that he be cited and for such judgment against him as might be rendered against defendant.

The warrantor was accordingly cited, and the delay allowed him for answering had not passed till after the expiration of the March term of the court.

At the following June term of the court default was taken against the warrantor, and immediately thereafter the defendant, Montgomery, made application for removal of the cause to the Circuit Court of the United States, under the provisions of the act of Congress of March 3d, 1875.   All the forms of the law were complied with, but plaintiffs appeared and opposed the granting of the application in an exception based on the ground that the application came too late, because not filed at the first term of the court at which the case could have been tried, as required by the terms of the statute.

The court, after hearing, overruled the exception, and entered judgment removing and transferring the case to the Circuit Court of the United States, from which judgment the present appeal is taken.

Plaintiffs ask a reversal of the judgment of removal on two grounds, viz.:

1. That the application to remove came too late, as set up in the exception.

It is manifest that the defendant had the right to make his demand in warranty; that the warrantor was entitled to be cited, and, in the very words of the Code of Practice, to be " allowed for answering the same delay as in ordinary suits," C. P. 383; and that the cause could not be tried until after the expiration of these delays.   Therefore, as these delays had not passed prior to the expiration of the March term of the court, the cause could not have been tried at that term.   The first term at which it could have been tried was the following June term, and the application then made was timely under the statute.

2. It is next urged, however, that the order of removal is erroneous, because the controversy in the suit is not "wholly between citizens of different States," as required by statute.

It is true that the warrantor is a citizen of the same State with plaintiffs, but both plaintiffs and warrantor are citizens of a different State from that of defendant.

There is no direct controversy between plaintiffs and warrantor.

Plaintiffs can recover no judgment against warrantor, nor warrantor against plaintiffs. The only judgment which can be rendered in favor of plaintiffs is one against defendant alone. The only judgment which can be rendered against warrantor is one in favor of defendant alone. C. P. 385. Therefore, there are two distinct controversies in the suit, and only two—one between plaintiffs and defendant, who are citizens of different States ; the other between defendant and warrantor, who are also citizens of different States.

The expressions in various cases to the effect that the warrantor is the real defendant in the case, that he is entitled to manage the defense not only as between themselves and defendant, but also as between defendant and plaintiff, only mean that as defendant recovers against the warrantor the same judgment which the plaintiffs may recover against the defendant, the warrantor has the right to make such defenses for the former as he shall judge best for his own protection, not against plaintiffs, but against defendant.

The call in warranty is a mere incidental demand, so expressly designated in the Code of Practice.

This action is one which the plaintiffs might have originally brought in the Federal court, and if they had so brought it the citizenship of the warrantor would have been no obstacle to his being called in warranty in that court.

Even after bringing the action the plaintiffs would have had the right to remove it to the Federal court, and defendant could not have deprived them of that right by calling another party in warranty.

If, notwithstanding the call in warranty, the right to remove still subsisted in plaintiffs, it must remain in defendant also, because the statute grants the right indiscriminately to plaintiffs and defendant.

We find no error in the judgment appealed from.

Judgment affirmed.